## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Cathy L. Waldor |
| | : |
| v. | : Magistrate No. 18-7006 |
| | : |
| ARMANDO SARMIENTO, | : **CRIMINAL COMPLAINT** |
| a/k/a "Armando Sarmiento-Aparicio" : | |

I, Christopher Sobolewski, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigrations and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Christopher Sobolewski
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
January 3/, 2018 Newark, New Jersey

HONORABLE CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE            Signature of Judicial Officer

## ATTACHMENT A

On or about October 17, 2017, in Passaic County, in the District of New Jersey, and elsewhere, the defendant,

### ARMANDO SARMIENTO,
a/k/a "Armando Sarmiento-Aparicio,"

being an alien, and on or about May 31, 2017, having been deported and removed and departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## ATTACHMENT B

I, Christopher Sobolewski, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.   The defendant, ARMANDO SARMIENTO, a/k/a "Armando Sarmiento-Aparicio," (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

2.   On or about November 9, 2008, the Defendant was found in New Jersey.

3.   On or about February 9, 2009, the Defendant was ordered removed from the United States to Mexico by an Immigration Judge sitting in Los Fresnos, Texas.

4.   On or about February 10, 2009, the Defendant voluntarily departed the United States.

5.   At some point after his 2009 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

6.   On or about May 15, 2012, the Defendant entered into the custody of ICE in New Jersey subsequent to his arrest by the Passaic Police Department for Driving Under the Influence of Alcohol.

7.   On or about June 7, 2012, the Defendant was ordered removed from the United States to Mexico by an Immigration Judge sitting in Elizabeth, New Jersey.

8.   On or about June 21, 2012, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from ICE took a fingerprint from the Defendant.

9.   At some point after his 2012 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

10. On or about August 18, 2015, the Defendant entered into the custody of ICE in New Jersey after his arrest by the Passaic Police Department for Possession of a Controlled Substance.

11. On or about September 2, 2015, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from ICE took a fingerprint from the Defendant.

12. On or about October 17, 2015, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

13. On or about October 19, 2015, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from ICE took a fingerprint from the Defendant.

14. At some point after his October 19, 2015 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

15. On or about April 26, 2017, the Defendant entered into the custody of ICE in New Jersey after his arrest by the Passaic Police Department for Possession of a Controlled Substance.

16. On or about May 31, 2017, the Defendant was removed from the United States to Mexico.

17. At some point after his May 31, 2017 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

18. On or about November 15, 2017, the Defendant entered into the custody of ICE in New Jersey subsequent to his conviction in Passaic Municipal Court for Wandering, in violation of Section 2C:33-2.1(b) of the New Jersey Code of Criminal Justice.

19. A fingerprint taken from the Defendant from his deportation records for the June 2012, September 12, 2015, October 19, 2015 removals were compared to the Defendant's fingerprint that was taken on or about November 15, 2017 after he entered ICE's custody. All the fingerprints were found to be identical.

20. Prior to each of the Defendant's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.